IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-00247-BNB

PATRICK WOOD,

  Applicant,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

  Respondents.

---

ORDER TO OVERRULE OBJECTION, DISMISS IN PART, AND DRAW
REMAINING CLAIMS TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Patrick Wood, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Wood filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He paid the $5.00 filing fee.

In an order filed on May 29, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 17, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is subject to dismissal as a mixed petition containing both exhausted and unexhausted claims. On July 7, 2008, Mr. Wood filed a Reply to Pre-Answer Response.

In an order filed on August 15, 2008, Magistrate Judge Craig B. Shaffer directed Mr. Wood to show cause within thirty days why the application should not be denied as

a mixed petition. Alternatively, Magistrate Judge Shaffer informed Mr. Wood that rather than have the Court dismiss the application as a mixed petition, he would be allowed to dismiss voluntarily the unexhausted claims and proceed on the exhausted claims. On September 15, 2008, Mr. Wood submitted his response titled "Objection to Finding of Unexhausted Claims, and Motion to Dismiss Voluntarily Claims Deemed Unexhausted and to Proceed on Exhausted Claims."

The Court must construe liberally the application, the Reply, and the combination objection and partial voluntary dismissal filed by Mr. Wood because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. In the combination objection and partial voluntary dismissal, Mr. Wood appears to object to Magistrate Judge Shaffer's August 15, 2008, order directing him to show cause why the application should not be denied as a mixed petition and to his finding that certain asserted claims are unexhausted. For the reasons stated below, the objection will be construed as filed pursuant to 28 U.S.C. § 636(b)(1)(A), and will be overruled.

Pursuant to § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Shaffer's August 15, 2008, order is not clearly erroneous or contrary to law. Therefore, Mr. Wood's objection will be overruled. For the reasons stated below, the August 15 "Motion to Dismiss Voluntarily Claims Deemed Unexhausted and to Proceed on Exhausted Claims" will be granted.

Mr. Wood alleges that he was convicted in 1986 in Adams County District Court Criminal Action No. 86CR123 on charges of second-degree murder, first-degree felony murder, aggravated robbery, and felony menacing. The trial court sentenced him to the DOC for forty years to life. He alleges that on January 21, 1987, the judgment of conviction was entered. On May 4, 1989, his convictions were affirmed on direct appeal. *See People v. Wood*, No. 87CA0273 (Colo. Ct. App. May 4, 1989) (not published). On October 23, 1989, the Colorado Supreme Court denied certiorari review.

On January 26, 1994, he filed a habeas corpus application in this Court, which on March 22, 1995, accepted and adopted former Magistrate Judge Richard M. Borchers' August 1, 1994, recommendation, and denied the application for failure to exhaust state remedies. *See Wood v. Furlong*, 94-cv-00219-JLK (D. Colo. Mar. 22, 1995). On June 29, 1995, Mr. Wood filed in state court a motion for appointment of counsel, an affidavit of indigency, and a motion to vacate judgment of conviction and sentence. *See* Response at ex. D. However, despite the fact that on October 30, 1995, Mr. Wood filed a request for a ruling on the previously filed motions, the trial court apparently only ruled on the motion for appointment of counsel, granting it on December 1, 1995. *See* Response at ex. D.

Mr. Wood alleges that on August 19, 2004, he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on September 3, 2004. On August 3, 2006, the Colorado Court of Appeals affirmed. *See People v. Wood*, No. 04CA2252 (Colo. Ct. App. Aug. 3, 2006)

3

(not published). On February 5, 2007, the Colorado Supreme Court denied certiorari review. On February 8, 2008, Mr. Wood filed the instant habeas corpus application.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner

4

bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Mr. Wood asserts five claims: (1)(a) that convicting him of both felony murder and second-degree murder of the same victim violates double jeopardy principles and (b) that convicting him of aggravated robbery and then using that offense as the predicate offense for the felony murder conviction violates double jeopardy principles; (2) that the waiver of his right to a jury trial on the murder counts was involuntary because defense counsel's advisement was inadequate and because the trial judge accepted his waiver without ensuring that it was made knowingly and voluntarily; (3) that his convictions were obtained in violation of his right not to incriminate himself, i.e., defense counsel advised him to testify at trial, which caused him to incriminate himself; (4) that his convictions were the result of ineffective assistance of both trial and appellate counsel, and specifically that trial counsel "was ineffective for advising [him] to waive his right to a second jury trial" and to "waive his right against self incrimination," in "failing to advocate on [his] behalf, and in failing to "move for the 1st Degree Felony Murder to be stricken from the trial judge's consideration" at the bench trial "or at least in the alternative in failing to accurately replay the implications of the felony murder statute to [him]" and "in failing to identify obvious and key issues on direct appeal," *see*

application at 6a; and (5) that the felony murder statute violates equal protection principles because "it disproportionately imposes the same punishment on one who commits a murder with premeditation after deliberation, as on one who has no intent to kill whatsoever and accidentally does so during the course of a felony." *See* application at 6a – 6b.

Respondents conceded that Mr. Wood exhausted state court remedies for subpart (a) of claim 1 and for claim 2 in his 2004 postconviction motion. They argued that Mr. Wood failed to exhaust state court remedies for subpart (b) of claim 1, and for claims 3, 4, and 5. Respondents specifically contended that claims 1(b) and 3 have not been presented to the state courts. They maintained that the allegations in claim 3 were part of the ineffective assistance of counsel claim that Mr. Wood raised in his 1995 postconviction motion, which was never ruled upon by the state courts, but were not presented as a self-incrimination claim.

Respondents further contended that claim 4 contains allegations of ineffective assistance of counsel that have not been presented to state court. They specifically contended that in the 1995 postconviction motion, Mr. Wood asserted that counsel was ineffective for advising him to testify that his shooting of the victim was an accident, and for failing to explain the law applicable to lesser-included offenses and the offenses of which he would be convicted. They further contended that in the 2004 postconviction motion, Mr. Wood asserted that counsel was ineffective for waiving his right to a jury trial on the murder counts without his consent, a claim that both the trial court and the Colorado Court of Appeals rejected on the merits. The state appeals court did not consider an additional allegation of ineffective assistance of counsel, i.e., that counsel

6

was ineffective for advising Mr. Wood to testify at trial, because Mr. Wood made the allegation for the first time in his reply brief. Lastly, Respondents argued that claim 5 has not been presented to the state courts, although they maintained that Mr. Wood did raise a different equal protection claim in his 2004 postconviction motion, i.e., that the first-degree and second-degree murder statutes violate equal protection because there is no distinguishable difference between the two crimes, which was rejected by both the trial court and the Colorado Court of Appeals on the basis that it could have been raised on direct appeal.

Magistrate Judge Shaffer reviewed the relevant appellate court briefs, and agreed that claims 1(b), 3, 4, and 5 do not appear to have been exhausted. In his "Motion to Dismiss Voluntarily Claims Deemed Unexhausted and to Proceed on Exhausted Claims," Mr. Wood voluntarily dismisses unexhausted claims 1(b), 3, 4, and 5, and asks only to proceed on exhausted claims 1(a) and 2. Accordingly, it is

ORDERED that the "Objection to Finding of Unexhausted Claims" submitted on September 15, 2008, by Applicant, Patrick Wood, is overruled. It is

FURTHER ORDERED that the "Motion to Dismiss Voluntarily Claims Deemed Unexhausted and to Proceed on Exhausted Claims" submitted on September 15, 2008, by Applicant is granted. It is

FURTHER ORDERED that unexhausted claims 1(b), 3, 4, and 5 are dismissed. It is

FURTHER ORDERED that Applicant is allowed to proceed only on exhausted claims 1(a) and 2. It is

FURTHER ORDERED that the remaining claims 1(a) and (2) and the action are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 19 day of Sept., 2008.

BY THE COURT:

*signature*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00247-BNB

Patrick Wood
Prisoner No. 56182
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Patricia Van Horn
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/22/08

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk