IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-00247-WYD

PATRICK WOOD,

    Applicant,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING 28 U.S.C. § 2254 APPLICATION

Applicant, Patrick Wood, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. On February 5, 2008, Mr. Wood filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He paid the $5.00 filing fee.

In the application, Mr. Wood asserted five claims:  (1)(a) that convicting him of both felony murder and second-degree murder of the same victim and of aggravated robbery violates double jeopardy principles and (b) that convicting him of aggravated robbery and then using that offense as the predicate offense for the felony murder conviction violates double jeopardy principles; (2) that the waiver of his right to a jury trial on the murder counts was involuntary because defense counsel's advisement was inadequate and because the trial judge accepted his waiver without ensuring that it was made knowingly and voluntarily; (3) that his convictions were obtained in violation of his right not to incriminate himself, i.e., defense counsel advised him to testify at trial, which

caused him to incriminate himself; (4) that his convictions were the result of ineffective assistance of both trial and appellate counsel, and specifically that trial counsel "was ineffective for advising [him] to waive his right to a second jury trial" and to "waive his right against self incrimination," in "failing to advocate on [his] behalf, and in failing to "move for the 1st Degree Felony Murder to be stricken from the trial judge's consideration" at the bench trial "or at least in the alternative in failing to accurately replay the implications of the felony murder statute to [him]" and "in failing to identify obvious and key issues on direct appeal," *see* application at 6a; and (5) that the felony murder statute violates equal protection principles because "it disproportionately imposes the same punishment on one who commits a murder with premeditation after deliberation, as on one who has no intent to kill whatsoever and accidentally does so during the course of a felony." *See* application at 6a – 6b.

I. Federal Court Proceedings

On January 26, 1994, Mr. Wood filed a habeas corpus application in this court. On March 22, 1995, the Honorable John L. Kane accepted and adopted the August 1, 1994, recommendation of former Magistrate Judge Richard M. Borchers; denied the application for failure to exhaust state remedies; and dismissed the action. *See Wood v. Furlong*, No. 94-cv-00219-JLK (D. Colo. Mar. 22, 1995).

On February 5, 2008, Mr. Wood filed *pro se* the instant habeas corpus application. In an order filed on May 29, 2008, Magistrate Judge Boyd N. Boland ordered the respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or

exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 17, 2008, the respondents filed their pre-answer response asserting that the instant action was subject to dismissal as a mixed petition containing both exhausted and unexhausted claims. On July 7, 2008, Mr. Wood filed a reply to pre-answer response.

Magistrate Judge Craig B. Shaffer reviewed the pre-answer response, the reply, and the relevant appellate court briefs, and agreed that claims 1(b), 3, 4, and 5 did not appear to have been exhausted. Therefore, in an order filed on August 15, 2008, Magistrate Judge Shaffer directed Mr. Wood to show cause within thirty days why the application should not be denied as a mixed petition. Alternatively, the magistrate judge informed Mr. Wood that rather than have the court dismiss the application as a mixed petition, he would be allowed to dismiss voluntarily the unexhausted claims and proceed on the exhausted claims.

On September 15, 2008, Mr. Wood submitted his response titled "Objection to Finding of Unexhausted Claims, and Motion to Dismiss Voluntarily Claims Deemed Unexhausted and to Proceed on Exhausted Claims." In the September 15 response, Mr. Wood moved to dismiss voluntarily unexhausted claims 1(b), 3, 4, and 5, and asked only to proceed on exhausted claims 1(a) and 2. In an order filed on September 22, 2008, Senior Judge Zita L. Weinshienk construed Mr. Wood's objection to the finding of unexhausted claims as filed pursuant to 28 U.S.C. § 636(b)(1)(A), overruled the objection, granted Mr. Wood's motion for voluntary dismissal, dismissed unexhausted claims 1(b), 3, 4, and 5, and allowed Mr. Wood to proceed only on exhausted claims 1(a) and (2). On September 22, 2008, the action was reassigned to me.

On October 2, 2008, I ordered the respondents to file an answer on or before October 31, 2008. On October 30, 2008, the respondents filed their answer. On April 14, 2009, I ordered the respondents to provide me with the record from the state court trial. On April 20, 2009, the respondents provided the state court trial record.

I must construe liberally any filings by Mr. Wood because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, I will review the remaining claims 1(a) and (2) on the merits, dismiss them as meritless, and deny the instant application.

## II.  State Court Proceedings

In 1986, Mr. Wood was charged in Adams County District Court Criminal Action No. 86CR123 with first-degree murder after deliberation, first-degree murder felony murder (felony murder), aggravated robbery, and two counts of felony menacing for shooting and killing the assistant manager of a pizza delivery store in Westminster, Colorado. A jury found him guilty of the aggravated robbery and felony menacing counts, but was unable to reach a verdict on the murder counts. In exchange for withdrawing the death penalty from consideration, Mr. Wood waived his right to a jury trial on the murder counts and, at a subsequent bench trial, the trial court found him guilty of felony murder and second-degree murder. During sentencing on January 21, 1987, the trial court merged the murder and aggravated robbery counts, and sentenced

him to the DOC for forty years to life on the merged counts and to four-year terms on the two menacing counts, to run concurrently with the life sentence.

On May 4, 1989, Mr. Wood's convictions were affirmed on direct appeal. *See People v. Wood*, No. 87CA0273 (Colo. Ct. App. May 4, 1989) (not published). On October 23, 1989, the Colorado Supreme Court denied certiorari review. On June 29, 1995, Mr. Wood filed in state court a motion for appointment of counsel, an affidavit of indigency, and a motion to vacate judgment of conviction and sentence. *See* answer, ex. C; *see also* answer, ex. D, register of actions at 12. However, despite the fact that on October 30, 1995, Mr. Wood filed a request for a ruling on the previously filed motions, the trial court apparently only ruled on the motion for appointment of counsel, granting it on December 1, 1995. *See* answer, ex. D, register of actions at 12.

On August 19, 2004, Mr. Wood filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on September 3, 2004. On August 3, 2006, the Colorado Court of Appeals affirmed. *See People v. Wood*, No. 04CA2252 (Colo. Ct. App. Aug. 3, 2006) (not published). On February 5, 2007, the Colorado Supreme Court denied certiorari review. On February 5, 2008, Mr. Wood filed *pro se* the instant habeas corpus application in this court.

### III.  Standard of Review on the Merits

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003).  The threshold question pursuant to § 2254(d)(1) is whether Mr. Wood seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Id.* at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*.  Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to 28 U.S.C. § 2254(d)(1).  *See id.* at 1018.  If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

6

>   A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
>   A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under [28 U.S.C.] § 2254." *Id.*

7

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Wood bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

I "owe deference to the state court's result, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

Finally, if the state court does not address a claim on the merits, I must review the claim *de novo* and the deferential standards in 28 U.S.C. § 2254(d) are not applicable. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

IV. Claims

Only remaining claims 1(a) and 2 currently are before me. I initially will address Mr. Wood's claim 1(a) that convicting him of both felony murder and second-degree

murder of the same victim and of aggravated robbery violates double jeopardy principles. Upon current briefing, it appears that claim 1(a) may be procedurally defaulted. Because this court already stated that the issue of exhaustion would not be addressed further and because claim 1(a) previously was determined to have been exhausted, I feel compelled, in the interest of fairness to Mr. Wood, to address claim 1(a) on the merits. *See Cannon v. Mullin*, 383 F.3d 1152, 1159 (10th Cir. 2004) (When questions of procedural bar are problematic, and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits.) (citing *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000)). Because the state courts did not address the merits of the federal habeas corpus claim Mr. Wood raises here, I will exercise my own independent judgment in deciding the claim. *See Gipson*, 396 F.3d at 1196.

In his motion to vacate judgment of conviction and sentence filed on June 29, 1995 Mr. Wood asserted that convicting him of both felony murder and second-degree murder of the same victim violates double jeopardy principles, a claim which the state courts never addressed on the merits. In addition to the claim Mr. Wood raised in his 1995 postconviction motion, Mr. Wood also argues before me that convicting him of aggravated robbery violates double jeopardy principles, as well. Specifically, he alleges that:

> Petitioner was convicted of both 1st Degree Felony Murder, and 2nd Degree Felony Murder and Aggravated Robbery, which violates principles of Double Jeopardy, and resulted in conviction of two separate murder counts for a single victim, and in being twice convicted for Aggravated

>   Robbery, as an underlying felony for the Felony Murder
>   count and separate as its own charge.

Application at 5.

A person may be prosecuted for more than one crime based on the same conduct if each crime requires proof of a fact that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *United States v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000).

I have reviewed the versions of the relevant Colorado statutes in effect at the time Mr. Wood was charged and convicted. A person committed the crime of murder in the first degree, felony murder, a class one felony, if "[a]cting either alone or with one or more persons, he commits or attempts to commit . . . robbery. . . and, in the course of or in furtherance of the crime that he is committing or attempting to commit, or of immediate flight therefrom, the death of a person, other than one of the participants, is caused by anyone." Colo. Rev. Stat. § 18-3-102(1)(b) (1978 Repl. Vol.). A person committed second-degree murder, a class two felony, if he "causes the death of a person knowingly, but not after deliberation." Colo. Rev. Stat. § 18-3-103(1)(a) (1978 Repl. Vol.). A person who committed robbery was guilty of aggravated robbery, a class three felony, if "during the act of robbery or immediate flight therefrom [h]e . . . by the use of force, threats, or intimidation with a deadly weapon knowingly puts the person robbed or any other person in reasonable fear of death or bodily injury." Colo. Rev. Stat. § 13-4-302(1)(b) (1978 Repl. Vol.).

After review of the relevant Colorado statutes in effect in Colorado at the time Mr. Wood was charged and convicted, I find it clear that the crimes of felony murder,

second-degree murder, and aggravated robbery require different proof and are separate and distinct crimes. Therefore, I find that Mr. Wood's convictions for the crimes at issue do not violate *Blockburger*.

As his second claim, Mr. Wood alleges that the waiver of his right to a jury trial on the murder counts was involuntary because defense counsel's advisement was inadequate and because the trial judge accepted his waiver without ensuring that it was made knowingly and voluntarily. A defendant is entitled to a jury trial, but he may waive that right so long as he does so knowingly, voluntarily, and intelligently. *See, e.g.*, *United States v. Robertson*, 45 F.3d 1423, 1431-32 (10th Cir. 1995) (citing *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 275 (1942), and *Patton v. United States*, 281 U.S. 276, 312 (1930). Specifically, a defendant may waive his Sixth Amendment right to a jury trial when: (1) he gives "express, intelligent consent"; (2) the government consents; and (3) the waiver is "approved by the responsible judgment of the trial court." *Adams*, 317 U.S. at 277-78. The adequacy of a jury trial waiver is a mixed question of law and fact. *United States v. Farris*, 77 F.3d 391, 396 (11th Cir. 1996). Mixed questions of law and fact are reviewed pursuant to § 2254(d)(1). *See Cook*, 323 F.3d at 830.

The state court record contains a written jury trial waiver, dated January 5, 1987, bearing Mr. Wood signature. The waiver states, in relevant part:

> I, Patrick Wood, having been advised of my constitutional right to a trial to a jury of twelve as well as the statutory right contained in C.R.S. 18-1-406, hereby waive my right to a jury and agree to have the matter tried to the Court. I understand the following rights:
>
> 1.    I am charged in the above-captioned action with, among other things, first degree murder (two counts).

11

> 2. There has previously been a jury trial in this action and the jury was hopelessly deadlocked and a mistrial was declared at my insistence.
>
> 3. I understand that my waiver of jury must be voluntary meaning not the result of any promise, threat or coercion but rather that the waiver is the result of talking this matter over with my attorney, thinking about it and making my own decision to waive the jury in the above-captioned action.
>
> 4. It is the advice of my counsel that a jury be waived and the matter tried to the Court but I understand that it is completely my decision whether to have the fact finder in my case be a judge or a jury.
>
> 5. After thought and consultation with my lawyer and my family, I voluntarily ask this Court to receive my waiver of a jury and ask the Judge to be the fact finder in this case.

Answer, ex. M, waiver of jury trial; *see also* trial tr., vol. I at 187, Jan. 5, 1987.

A minute order from January 5, 1987, the day Mr. Wood signed the waiver, states, in pertinent part:

> COURT HEARS STATEMENTS OF COUNSEL & DEFENDANT. DEFENDANT SIGNS WAIVER OF RIGHT TO JURY TRIAL. DDA WAIVES PEOPLE'S RIGHT TO JURY TRIAL.

Trial tr., vol. I at 274, Jan. 5, 1987.

The Colorado Court of Appeals in No. 04CA2252 rejected Mr. Wood's claim because the record clearly showed that his jury trial waiver was valid:

> Here, defendant admits that he signed a written waiver of his right to a jury trial but asserts that it is not valid because he was not "personally questioned by the district court assuring that the waiver was voluntary, knowing and intelligently entered." However, the record contains defendant's written waiver form and a minute order

> indicating, "[C]ourt hears statements of counsel and
> defendant.  Defendant signs waiver of right to jury trial.  DDA
> waives People's right to jury trial."

Answer, ex. J, No. 04CA2252, slip op. at 6.

I find that the decision of the state appeals court that Mr. Wood's jury trial waiver was knowing, voluntary, and intelligent did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal Supreme Court law.  *See* 28 U.S.C. § 2254(d)(1).

### V.  Conclusion

For the reasons stated above, habeas corpus relief will be denied.  Accordingly, it is

ORDERED that the remaining claims 1(a) and (2) are dismissed as meritless, the habeas corpus application is denied, and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  July 6, 2009.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge