IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00247-WYD

PATRICK WOOD,

    Applicant,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER VACATING GRANT OF CONDITIONAL HABEAS CORPUS RELIEF

---

On August 23, 2013, I entered an order (ECF No. 59) pursuant to the mandate of the United States Court of Appeals for the Tenth Circuit (ECF No. 58) filed on July 30, 2013. The Tenth Circuit mandate on the opinion entered on July 8, 2013 (ECF No. 56), published at 721 F.3d 1190 (10th Cir. 2013), remanded this case to me with instructions that I grant the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) with the condition that I vacate Applicant, Patrick Wood's, conviction for first-degree felony murder "*if but only if* the state courts have not eliminated either one of his murder convictions within a reasonable time." ECF No. 56 at 18 (emphasis added), (721 F.3d at 1198). *See Hilton v. Braunskill*, 481 U.S. 700, 775 (1987) (federal court may grant conditional writ to allow a State "an opportunity to correct the constitutional violation"); *Hooks v. Workman*, 689 F.3d 1148, 1208 (10th Cir. 2012) (using "reasonable time" formulation for a conditionally granted habeas writ). Mr. Wood was convicted in the Adams County District Court of first-degree felony murder and

second-degree murder, and several lesser charges.

In the August 23, 2013, order also directed Respondents to provide me with a written status report every sixty days as to what, if any, state court proceedings were underway to eliminate either one of Mr. Wood's murder convictions within in a reasonable time.  On October 25, 2013, Respondents filed a status report (ECF No. 61) informing me that they had contacted the Adams County District Attorney's Office to initiate proceedings in the Adams County District Court to vacate Mr. Wood's second-degree murder conviction.

On November 15, 2013, Mr. Wood filed though counsel a motion (ECF No. 63) to grant his habeas corpus application and vacate his conviction for first-degree felony murder, complaining that the state failed to act within a reasonable time from July 8, 2013, when the Tenth Circuit issued its mandate, until October 25,2013, when it filed a response two days late to my August 23, 2013, order.  However, counsel for Mr. Wood fails to provide any authority as to what constitutes a reasonable time.  On November 15, 2013, Respondents filed a response (ECF No. 64) opposing the November 15 motion (ECF No. 63) and noting *inter alia* that Mr. Woods does not allege any prejudice, is not eligible for parole until December 2025, and the elimination of his second-degree murder conviction will not affect his parole eligibility date.

On November 21, 2013, Mr. Wood filed through counsel a motion (ECF No. 65) to supplement and update his November 15 motion.  Also on November 21, Mr. Wood filed through counsel an unopposed motion (ECF No. 66) to return the state court record in *People v. Wood*, Adams County District Court Case No. 86CR123, to the state court.  On December 11, 2013, Respondents filed a second status report (ECF No. 67)

informing me that on December 9, 2013, the Adams County District Court issued an order, a copy of which is attached to the December 11 status report, vacating Mr. Wood's convictions for second-degree murder and aggravated robbery.

As previously stated, the Tenth Circuit mandate instructed me to grant the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 with the condition that I vacate Mr. Wood's conviction for first-degree felony murder "*if but only if* the state courts have not eliminated either one of his murder convictions within a reasonable time." The state court vacated Mr. Wood's second-degree murder conviction on December 9, 2013, within five months from the July 30, 2013, Tenth Circuit mandate and the August 23, 2013, order for a sixty-day, status report. I find that the Adams County District Court, by vacating Mr. Wood's conviction for second-degree murder on December 9, substantially has complied with the July 30 mandate to eliminate one of his convictions within a reasonable period of time. To the extent the August 23 order granted Mr. Woods conditional habeas corpus relief, the order will be vacated.

Accordingly, it is

ORDERED that the motion (ECF No. 65) that Applicant, Patrick Wood, filed on November 21, 2013, to supplement and update the motion (ECF No. 63) he filed on November 15, 2013, seeking to grant his habeas corpus application and vacate his conviction for first-degree felony murder is GRANTED. It is

FURTHER ORDERED that the motion (ECF No. 63) Mr. Wood filed on November 15, 2013, to grant his habeas corpus application and vacate his conviction for first-degree felony murder is DENIED. It is

FURTHER ORDERED that the unopposed motion (ECF No. 66) that Mr. Wood

filed on November 21, 2013, to return the state court record in *People v. Wood*, Adams County District Court Case No. 86CR123, to the state court, is GRANTED. It is

FURTHER ORDERED that the clerk of the court is directed to return the state court record in *People v. Wood*, Adams County District Court Case No. 86CR123, to the Adams County District Court. It is

FURTHER ORDERED the conditional grant to Mr. Wood of habeas corpus relief in the order of August 23, 2013, is vacated. It is

FURTHER ORDERED that the clerk of the court is directed to close this case.

Dated:  January 29, 2014

            BY THE COURT:

            s/ Wiley Y. Daniel
            Wiley Y. Daniel
            United States Senior District Judge